**NORTON v. N. B. FAIRCLOUGH, Inc.**

Civil Action No. 3548.

District Court, D. New Jersey.

March 13, 1945.

Hobart, Minard & Cooper, of Newark, N. J., for plaintiff.

Charles Halsted, of Paterson, N. J., for defendant.

SMITH, District Judge.

This is a civil action for the recovery of demurrage charges assessed against the defendant under Freight Tariff No. 4W—I.C.C. 3722, and Freight Tariff No. 4X—I.C.C. 3815, pursuant to an "average demurrage agreement." The action is before the Court at this time on a motion for summary judgment filed by the plaintiff pursuant to rule 56, Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and is submitted on the pleadings, affidavits, and documentary evidence.

■ There are no genuine issues as to any of the material facts, and the plaintiff is entitled to judgment as a matter of law. The proof offered by the plaintiff is conclusive, and the defendant's mere denial of liability, unsupported by any allegations of fact, raises no genuine issue of· fact.

■ It is alleged by the defendant in its answering affidavit that the "demurrage claims of the plaintiff were caused by the bunching of cars by the plaintiff." This averment is insufficient to defeat the plaintiff's right to judgment. There is no proof by affidavit or otherwise, that a claim for bunching was "presented in writing to (the) railroad's agent within thirty days, * * *, after the date on which bill for demurrage (was) rendered," as required by Rule 8, Section B(2) of the Tariffs.[1] The proof offered by the plaintiff is, in fact, to the contrary. It is the opinion of the Court that this defense is sham and was interposed only for the purpose of delay.

The motion for summary judgment is granted, and an order for judgment shall be entered forthwith.

---

[1] "Cars for unloading or reconsigning. When, as the result of the act or neglect of any railroad, * * *, cars originating at the same point, moving via the same route and consigned to one consignee at one point, *are bunched*, or when cars originating at different points and transported via the same route from an intermediate common point to destination *are bunched* after arriving at the common point * * *, and are tendered for delivery by this railroad in accumulated numbers in excess of daily shipments, the consignee shall be allowed such free time as he would have been entitled to had the cars *not been bunched*, * * * *provided, however, no allowance will be made unless claim is presented in writing to this Railroad's Agent within thirty days, exclusive of Sundays and legal holidays, after the date on which bill for demurrage is rendered, supported by a statement showing date and point of shipment of each car involved in the bunching claim.*"